IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARRY LEE TAYLOR,
      Petitioner,

vs.                                 Case No. 3:10cv292/MCR/EMT

BEN TIFF, Warden, et al.,
      Respondents.
_____/

## ORDER, REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis (Docs. 1, 2). For the limited purpose of dismissal of this action, the court will grant Petitioner's motion to proceed in forma pauperis. This court has not ordered service of the petition upon Respondents because, as discussed herein, summary dismissal of the petition is appropriate. *See* Rules Governing § 2254 Cases, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

I.      BACKGROUND AND PROCEDURAL HISTORY

The facts relevant to this habeas action are gleaned from the petition (Doc. 1) and the public dockets of the state and federal courts in which Petitioner was convicted and sentenced. *See* Fed. R. Evid. 201; *see also, e.g.*, R.E. Loans, LLC v. Eagle Group Brokers, LLC, No. 3:08cv76/MCR, 2009 WL 837662, at *4 n.5 (N.D. Fla. Mar. 30, 2009) (unpublished) (district court may take judicial notice of state court's docket); Fernandez-Morales v. Barron, No. 5:06cv1/MCR/EMT, 2006 WL 680819, at *2 (N.D. Fla. Mar. 13, 2006) (unpublished) (district court took judicial notice of public docket of case in other federal judicial district). On October 14, 2008, Petitioner was arrested by local law enforcement officers in Escambia County, Florida, for possession of methamphetamine with intent to sell (Count 1), trafficking a controlled substance (Count 2), possession of drug

paraphernalia (Count 3), possession or manufacture of narcotic equipment (Count 4), and possession of a listed chemical with intent to manufacture a controlled substance (Count 5) (*see* attached docket, Escambia County Florida Clerk of the Circuit Court, <u>State v. Taylor</u>, Case No. 2008 CF 005258-A ("State Court Docket"), Docket Entries 3, 4). The state court set bond and appointed counsel for Petitioner (*id.*, Docket Entries 6–11).

On January 20, 2009, the United States District Court for the Southern District of Alabama issued an arrest warrant for Petitioner on a charge of conspiracy to manufacture methamphetamine (*see* attached docket, U.S. District Court, Southern District of Alabama (Mobile), <u>United States v. Taylor</u>, Case No. 1:08cr00385-WS-M-1 ("Federal Court Docket"), Docket Entry 7). On February 18, 2009, Petitioner was produced, pursuant to a writ of habeas corpus ad prosequendum, for arraignment in the Alabama federal court (*see* Federal Court Docket Entries 10, 11). Petitioner entered a guilty plea, and the case was set for sentencing (*see* Federal Court Docket Entries 24, 25, 66, 70). On October 6, 2009, Petitioner was sentenced as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total **term** of **120 MONTHS; this sentence is to run concurrent with the not yet imposed sentences in the State of Alabama and the State of florida. Because the defendant is in the custody of the State of Florida, the Court orders that the defendant be designated to the State facility for service of his federal sentence**.

(*see* attached Judgment in a Criminal Case, Case No. 1:08cr00385; *see also* Federal Court Docket Entry 82).

On October 15, 2009, Petitioner was produced, pursuant to a writ of habeas corpus ad prosequendum, for a plea and sentencing hearing in the Florida state court (*see* State Court Docket Entries 89, 90, 93). Petitioner pleaded nolo contendere to Counts 1–4 (the State filed a nolle prosequi as to Count 5) (*see* Doc. 1 at 9–10; *see also* attached State Court Docket Entries 14, 94).[1] Petitioner was sentenced to concurrent terms of 120 months in state prison, with pre-sentence credit of 369 days, on Counts 1 and 2 (*see* State Court Docket Entries 94, 95). He was sentenced to a term of 60 months in state prison, with pre-sentence credit of 369 days, on Count 3, to run concurrently

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

with his sentence on Count 1 (*see id.*, Docket Entry 96). As to Count 4, he was sentenced to a term of 365 days in county jail, with credit of 365 days, to run concurrently with his sentence on Count 1 (*see id.*, Docket Entry 97). The state court ordered Petitioner's state sentence to run concurrently with the federal sentence he was serving in Case No. 1:08cr00385 (*see id.*, Docket Entry 98). Petitioner did not appeal the judgment of conviction and sentence (*see* Doc. 1 at 2). Petitioner states his 10-year state sentence will expire before his 10-year federal sentence, since he received 369 days of pre-sentence credit on his state sentence (*id.* at 10).[2]

In December of 2009, Petitioner filed a Motion for Clarification of Sentence/Custody in the Florida state court, seeking clarification of the detention facility in which he was to serve his sentence (*see* Doc. 1 at 2–3, 28; *see also* State Court Docket Entry 118). Petitioner contended he should have been returned to federal custody to begin service of his federal sentence in a federal facility after he was sentenced in state court (*see* Doc. 1 at 2–3, 11–12, 28). On February 2, 2010, Petitioner filed a Petition for Writ of Mandamus in the Florida state court, seeking an order requiring the Escambia County Sheriff to return him to the custody of federal officials so that he could serve his federal and state sentences concurrently (*see* Doc. 1 at 4, 29–33; State Court Docket Entry 122). In an order rendered February 8, 2010, the state court denied the Motion for Clarification of Sentence/Custody on the following grounds:

> The Court's docket as well as the Sentence entered on October 15, 2009, reflect very clearly that the State Sentence is to run concurrent with Federal [sic] Sentence, Case No. 2008-00385WS, as the defendant claims. However, there is nothing showing that the defendant is to be turned over to the United States Marshall [sic] Service to serve his sentence. On the contrary, the Court's docket and the Sentence states that the defendant is committed to the custody of the Department of Corrections.

(*see* Doc. 1 at 5, 12, 28). Petitioner did not appeal the decision (*see* Doc. 1 at 3). In an order rendered April 26, 2010, the state court denied the petition for writ of mandamus (*see* Doc. 1 at 5; *see also* State Court Docket Entry 126). Petitioner did not submit a copy of that order, but he asserts the order included the following language:

---

[2] It appears from FDOC records that federal authorities placed a detainer for Petitioner with that agency (*see* attached FDOC Corrections Offender Network, Inmate Population Information Detail for Garry L. Taylor, FDOC number P29650).

> It is true that this Court ordered that the composite term of all sentences imposed for the counts in this case to run concurrently with the Petitioner's Federal Sentence now serving in 2008-00385-WS. . . . the Court recognizes the possibility that the Petitioner may have a valid claim for post conviction relief. . . . Under Federal Law, it is very possible that the Petitioner will not receive credit on his Federal Sentence for time served in State custody.

(Doc. 1 at 13). Petitioner did not appeal the decision (*see id.* at 5).

Petitioner states he filed a petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA"), raising essentially the same grounds as he raised in his mandamus petition (*see* Doc. 1 at 5). He states he has not received a result in that case (*id.*).[3]

Petitioner filed the instant § 2254 petition on August 10, 2010 (*see* Doc. 1 at 34). He states he is not challenging the validity of his state or federal convictions or sentences (*see* Doc. 1 at 15–16); rather, he is challenging the execution of his sentences, specifically, the legality of his confinement in a state, instead of federal, facility. Petitioner contends state officials' failure to return him to federal custody after he was sentenced on his state conviction constitutes an illegal seizure in violation of the Fourth and Fourteenth Amendments, violates the Due Process Clause of the Fifth Amendment, constitutes cruel and unusual punishment in violation of the Eighth Amendment, and violates the "dignity of man provisions" of the Ninth Amendment (*id.* at 8, 15–24). As relief, Petitioner seeks an order directing the FDOC to return him to the custody of the United States Marshal Service for transfer to the custody of the federal Bureau of Prisons ("BOP") (*id.* at 13–14, 25).

II.    ANALYSIS

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." <u>Duncan</u>

---

[3] The First DCA's docket sheet reflects that the case was dismissed on May 27, 2010 (*see* attached docket, Florida First District Court of Appeal, <u>Taylor v. Morgan</u>, Case No. 1D10-1658).

Case No: 3:10cv292/MCR/EMT

v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). However, a habeas petition may be denied on the merits, notwithstanding the failure of the applicant to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

In the instant case, Petitioner has failed to show that his custody in the FDOC instead of the BOP violates the Fourth, Fifth, Eighth, Ninth, or Fourteenth Amendments. Initially, Petitioner's placement in a state correctional facility did not contravene the Alabama federal court's order. The federal court clearly stated its intent that Petitioner be designated to a state facility for service of his federal sentence (see attached Judgment in a Criminal Case, Case No. 1:08cr00385). Furthermore, in the state court's order denying Petitioner's Motion for Clarification of Sentence/Custody, the state court determined that the state judgment of conviction and sentence ordered Petitioner committed to the custody of the Department of Corrections; and Petitioner does not dispute this finding. Moreover, the issue of whether an inmate is incarcerated first for his state conviction or for his federal conviction is a matter of comity between the state and federal governments and not a personal right of the inmate. See Floyd v. Henderson, 456 F.2d 1117, 1119 (5th Cir. 1972);[4] see also United States v. Collins, 123 Fed. Appx. 628, 629, 2005 WL 673484, at **1 (5th Cir. 2005); United States v. Booker, No. 1:03cr28/MMP, 2006 WL 287860, at *1 (N.D. Fla. Feb. 6, 2006) (unpublished).[5] Therefore, Petitioner has failed to show he has a constitutionally protected liberty

---

[4] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

[5] As explained in Booker, as a general rule, the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration. 2006 WL 287860 at *1 n.2 (citing Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991)). The jurisdiction of the first sovereign continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence. Id. (citing United States v. Warren, 610 F.2d 680, 684–85 (9th Cir. 1980)). When a prisoner is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. Id. at * 1 (citing Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918–19 (10th Cir. 1982); Roche v. Sizer, 675 F.2d 507, 509–10 (2d Cir. 1982); Brewer, 923 F.2d at 1366–67). This rule derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities. Id. (citing Thomas, 962 F.2d at 361 n.3; Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978)). Principles of comity require that when the writ is satisfied, the second sovereign return the prisoner to the first sovereign. Id. In the instant case, Petitioner was first arrested by Escambia County officials in Florida and detained there until he was loaned to federal authorities in Alabama; therefore, the State of Florida had

interest in being housed in a federal correctional facility instead of a state facility, or that his placement in a state correctional facility constitutes an illegal seizure.  Moreover, Petitioner does not allege that the conditions at the state correctional facility are extreme or pose an unreasonable risk of serious damage to his future health or safety; therefore, he failed to show that his custody violates the Eighth Amendment.  *See* <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289–90 (11th Cir. 2004) (to show an Eighth Amendment violation, the challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health or safety") (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)) (other citation omitted).  Finally, Petitioner's vague, conclusory assertion that his confinement at a state correctional facility violates the "dignity of man provisions" of the Ninth Amendment is insufficient to demonstrate that his state custody violates any federal right (*see* Doc. 1 at 24).  Therefore, Petitioner has failed to demonstrate that he is in custody "in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).[6]

---

priority of jurisdiction over him.  This jurisdiction continues until Petitioner's state sentence expires.

[6] The undersigned does not construe the instant petition as challenging the validity of Petitioner's guilty plea in the state case on constitutional grounds.  Petitioner asserts the Florida State Attorney's Office requested in its petition for writ of habeas corpus ad prosequendum that the state court authorize the Sheriff of Escambia County, Florida to transport Petitioner to the Florida state court for a hearing on September 16, 2009, and return him to federal custody in Alabama immediately after the hearing, and the Florida state court granted the request (*see* Doc. 1 at 9–10, 27).  He states he subsequently entered into a plea agreement with the State "in good faith with a genuine desire to resolve all state pending cases and to fulfill the responsibility for his illegal conduct" (*id.* at 10–11).  These statements could be construed as suggesting he entered the plea agreement believing he would be returned to federal custody.  However, Petitioner expressly states he is <u>not</u> challenging the validity of his state conviction and sentence, which was based upon his guilty plea (*id.* at 15).

Furthermore, an attempt to challenge the validity of the guilty plea underlying Petitioner's state conviction would be subject to dismissal for failure to exhaust state court remedies.  It is the long-standing prerequisite that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  <u>Duncan</u>, 513 U.S. at 365–66; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>Picard</u>, 404 U.S. at 277–78.

In the instant case, it is clear from the face of the petition and attachments that Petitioner failed to exhaust any federal constitutional challenge to his guilty plea in the state courts.  Petitioner admits he did not appeal either of the trial court's decisions denying his Motion to Clarify Sentence/Custody and his mandamus petition (*see* Doc. 1 at 2–5).  *See* Fla. R. App. P. 9.030(b)(1) (district courts of appeal have appeal jurisdiction to review final orders of trial courts).  Furthermore, Petitioner did not fairly present a federal challenge to his guilty plea in his state habeas petition filed with the First DCA.  Petitioner states he presented the same grounds in his state habeas petition as presented in his state mandamus petition (*see* Doc. 1 at 4–5).  Review of his mandamus petition reveals that Petitioner did not assert a

Additionally, to the extent Petitioner challenges the execution of his federal sentence based upon the assumption that the BOP will not grant him sentence credit for time spent serving his state sentence in a state facility (which he contends would constitute a failure to effectuate the intent of the federal and state sentencing courts that his sentences run concurrently), that issue is not ripe for review. Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to determine when a federal sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), and to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (citing 18 U.S.C. § 3621(a)); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). Section 3585 provides:

> **(a) Commencement of sentence**. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585. The BOP has interpreted § 3585 in Program Statement 5880.28, which provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.

Department of Justice, Federal Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCA of 1984, Program Statement 5880.28, p. 1 - 13) (Feb. 21, 1992).

---

challenge to his guilty plea, let alone a federal constitutional challenge; he argued only that the Sheriff of Escambia County failed to execute the orders of the state court, specifically, the order granting the writ of habeas corpus ad prosequendum (which allegedly directed the Sheriff to return Petitioner to federal custody after the state court hearing) and the judgment of conviction and sentence (which ordered Petitioner's state sentence to run concurrently with his federal sentence) (*see* Doc. 1 at 29–33). Moreover, Petitioner did not cite in conjunction with his claim a federal source of law on which he relied or a case deciding his claim on federal grounds; nor did Petitioner label his claim "federal." Therefore, the undersigned concludes that Petitioner failed to exhaust any federal constitutional challenge to his guilty plea.

Moreover, it appears that Petitioner still has an opportunity to litigate a challenge to his guilty plea under Florida procedural rules, since, according to Petitioner, the state court recognized in its order denying Petitioner's mandamus petition the possibility that Petitioner may have a valid claim for post conviction relief, and more that two years has not elapsed from the date Petitioner's judgment and sentence became final, on November 15, 2009 (*see* Doc. 1 at 13). *See* Fla. R. Crim. P. 3.850(a, b). Therefore, to the extent Petitioner attempts to challenge the validity of his state guilty plea on federal constitutional grounds, his challenge is subject to dismissal without prejudice for failure to exhaust.

In the instant case, the federal sentencing court recommended that the BOP designate a state correctional facility as the facility where Petitioner was to serve his federal sentence, thereby enabling the BOP to designate a FDOC facility once Petitioner is received in federal custody following completion of his state sentence. The BOP may very well adopt the federal court's recommendation and calculate Petitioner's federal sentence as commencing on October 6, 2009, the date it was imposed. *See, e.g.*, Galloway v. Fisher, No. 3:08cv82/LAC/EMT, 2008 WL 4057803 (N.D. Fla. Aug. 27, 2008) (unpublished) (BOP's calculation of § 2241 petitioner's commencement date as November 15, 2002, was entitled to deference where federal sentencing court recommended that the BOP designate a state correctional facility as the facility where petitioner was to serve his federal sentence, thereby enabling petitioner to begin serving his federal sentence prior to the date he was received in federal custody to await transportation to a federal facility, which was June 17, 2004; BOP adopted federal sentencing court's recommendation and calculated petitioner's sentence as commencing on November 15, 2002, the date it was imposed). Once Petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. *See* Rodriguez, 60 F.3d at 747. However, until Petitioner has satisfied his state sentence, is relinquished to federal authorities to serve his federal sentence, has received a sentence calculation from the BOP, and has exhausted his BOP remedies with regard to any challenges to the BOP's sentence calculation, the issue is not ripe for judicial review.[7] *See* Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967) (holding that Constitution's ripeness requirement serves to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way").

For the aforementioned reasons, it is clear from the petition and attachments that Petitioner is not entitled to relief under Section 2254. Therefore, the instant petition should be dismissed.

---

[7] The proper vehicle for seeking judicial review of the BOP's calculation of his sentence is a petition for writ of habeas corpus under 28 U.S.C. § 2241.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of August 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).